UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**LESHIA HART-EDWARDS**,

        Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**,

        Defendant.

Civil Case No. 3:13-CV-00715-KI

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER OF DISMISSAL WITHOUT PREJUDICE

    Leshia Hart-Edwards
    1435 NE 81 Avenue
    Portland, OR 97213

        Pro se Plaintiff

Page 1 - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER OF DISMISSAL WITHOUT PREJUDICE

KING, Judge:

Plaintiff Leshia Hart-Edwards moves to proceed *in forma pauperis*. An examination of the application reveals that plaintiff is unable to afford the costs of this action. Accordingly, it is ordered that this action may go forward without payment of fees or costs.

However, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff has filed two separate complaints as one action. The first complaint appears to be for judicial review of a decision by the Commissioner of Social Security. However, plaintiff has not fully completed the Social Security Form Complaint; she must indicate when she received the decision of the Administrative Law Judge and when she received notice of the decision or denial of review by the Appeals Council in order to confirm that she has timely filed her complaint and that this Court has jurisdiction to review her claim. See Soc. Sec. Compl. 1, question 3, ECF No. 2.

Plaintiff brings the second complaint against the "Social Security Administration," but, in the section related to defendants on page two of her complaint, she names four individuals who she claims work for the Social Security Administration. She asserts in the section devoted to jurisdiction that her social security benefit ceased, and was then lowered to a level on which she is unable to support herself, and that her "civil rights are being violated under the Disabilities Acts." She more specifically alleges in "Claim I" that she sought help from the individuals at the Social Security offices and they "couldn't help me at all" and treated her like an "immigrant[.]"

Compl. 3.  She alleges in "Claim II" that each defendant "didn't do [their] jobs properly[,]" causing plaintiff anxiety and stress.  Id. at 4.  In "Claim III," she alleges physical and emotional pain and suffering because she had no money, was homeless, and had no emergency funds available.  Id.  Finally, in the "Relief" section, plaintiff explains she wants the Social Security Administration to make her the payee of her funds, direct her funds be mailed to her post office box, and "stop messing with my bank accounts."  Id. at 5.  She also seeks damages for depression, pain and suffering, and "backpay for the months they took."  Id.

As an initial matter, this second complaint does not identify any federal constitutional right or any other federally protected right plaintiff believes to have been violated other than vague references to civil rights, disabilities laws, and social security laws.

If plaintiff is seeking review of a decision made by the Social Security Administration, which it seems she does, such a claim can only be brought under 42 U.S.C. § 405(g).  That section gives a claimant the right to seek judicial review of a final decision of the Social Security Commissioner, but only after a "hearing" to which she was a party.  Importantly, this court is generally otherwise precluded from entertaining an action arising under the Social Security Act against "the United States, the Commissioner of Social Security, or any officer or employee thereof" on any basis other than 42 U.S.C. § 405(g).  See 42 U.S.C. § 405(h).  If her claim is related to a denial or reduction in benefits, in order to avoid confusion, she need only fully complete the Social Security Form Complaint and not any other complaint.

If plaintiff desires to assert allegations unrelated to her social security claim for money damages, plaintiff is warned that "[t]he United States can be sued only to the extent that it has

waived its sovereign immunity." Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987). The Federal Tort Claims Act ("FTCA") is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). However, the waiver is expressly limited and must be strictly construed. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). For instance, no suit may be maintained under the FTCA in the absence of filing an administrative claim. 28 U.S.C. § 2675 (claimant must "have first presented the claim to the appropriate Federal agency and his claim [must] have been finally denied by the agency in writing and sent by certified or registered mail" before instituting suit). Plaintiff has not alleged that she has filed an administrative claim with the Social Security Administration. If she has not sent a claims notice to the Social Security Administration, plaintiff's failure to exhaust her administrative remedies will deprive this Court of jurisdiction. See Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) ("the administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to").

      Plaintiff's complaint is dismissed without prejudice. I will allow plaintiff 30 days from the date of this order to file an amended complaint to the extent that plaintiff can plead a basis for this court's jurisdiction as explained above. If plaintiff fails to amend her complaint within 30 days from the date of this order, I will dismiss the action without ordering the marshals to serve the summons and complaint.

## CONCLUSION

In sum, plaintiff's Application to Proceed in Forma Pauperis [1] is granted, but service is stayed pending plaintiff's amended complaint. Plaintiff's Motion for Appointment of Counsel [3] is denied with leave to renew. Plaintiff is urged to contact the Oregon State Bar Lawyer Referral Service at (503) 684-3763 or 800-452-7636.

IT IS SO ORDERED.

DATED this  7th  day of May, 2013.


/s/ Garr M. King
Garr M. King
United States District Judge